# IN THE COURT OF APPEALS OF IOWA

No. 18-1340
Filed September 26, 2018

**IN THE INTEREST OF J.E.,**
**Minor Child,**

**J.R., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D.

Fagan, District Associate Judge.

A mother challenges the termination of her parental rights to her child.

**AFFIRMED.**

Kyle J. McGinn of McGinn, Springer & Noethe, PLC, Council Bluffs, for

appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

Maura C. Goaley of Goaley Law Office, Council Bluffs, guardian ad litem for

minor child.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

Jricka appeals from an order terminating her parental rights in her now two-year-old child. The juvenile court terminated Jricka's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2018). On appeal, Jricka challenges the sufficiency of the evidence supporting each of the grounds authorizing the termination of her parental rights, contends the State failed to make reasonable efforts to reunify her with her child, and contends termination of her parental rights is not in the best interest of the child.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated here. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018) (setting forth the statutory framework). Where, as here, "the juvenile court terminate[d] parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

We conclude the State proved by clear and convincing evidence it made reasonable efforts to facilitate reunification of the family, the termination of Jricka's parental rights was authorized pursuant to Code section 232.116(1)(h) and (*l*), and termination of Jricka's parental rights is in the best interest of the child. In sum, the child was removed from the mother's care after the mother admitted to methamphetamine use in the home and while caring for the child. The mother has a long history of substance abuse and was diagnosed with "unspecified stimulant use disorder, severe." Despite the provision of numerous services, the mother

never addressed her substance-abuse disorder. She unsuccessfully discharged from two separate inpatient substance-abuse treatment facilities after only a few days of attendance. She failed to comply with required substance-abuse testing, avoiding eight of ten drug tests over the life of the case. On the two occasions the mother tested, she tested positive for methamphetamine. In April 2018, the mother admitted to using methamphetamine despite being pregnant. The mother's methamphetamine use, both while caring for the child at issue and while pregnant with another child, demonstrates a sufficient nexus between the mother's substance abuse and danger to the child to authorize termination of the mother's parental rights on the grounds asserted. *See, e.g.*, *A.B.*, 815 N.W.2d at 776 (noting drug addiction can render a parent unable to care for children); *In re K.K.*, No. 18-0943, 2018 WL 3650376, at *3 (Iowa Ct. App. Aug. 1, 2018) (affirming termination of parental rights where mother had long history of substance abuse); *In re L.B.*, No. 18-1017, 2018 WL 3650370, at *1 (Iowa Ct. App. Aug. 1, 2018) (affirming termination of parental rights where mother had long history of methamphetamine use "and ha[d] not demonstrated [an] ability to maintain sobriety . . . outside a custodial setting"); *In re K.C.*, No. 18-0581, 2018 WL 3057888, at *2 (Iowa Ct. App. June 20, 2018) (affirming termination where mother had long history of substance abuse); *In re L.S.*, No. 17-1824, 2018 WL 540968, at *1 (Iowa Ct. App. Jan. 24, 2018) (providing a parent's untreated substance abuse can create a risk of harm to the children); *In re B.C.*, No. 17-0933, 2017 WL 4050975, at *1 (Iowa Ct. App. Sept. 13, 2017) (affirming termination where mother had history of drug abuse and limited success with treatment and other services); *In re R.P.*, No. 16-1154, 2016 WL 4544426, at *2 (Iowa Ct. App. Aug. 31, 2016) (affirming termination of rights of

parent with history of drug abuse); *In re K.F.*, No. 14-0892, 2014 WL 4635463, at *3 (Iowa Ct. App. Sept. 17, 2014) (finding termination appropriate where, as here, "[a]lthough [the mother] has been involved with services concerning her children at least three times, she does not obtain any lasting benefit from those services"); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *3 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights when parent had history of unresolved substance abuse).

**AFFIRMED.**